IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ALVESTER COLEMAN, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2456-M-BN |
| | § | |
| IRS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The Court has granted Plaintiff Alvester Coleman leave to proceed *in forma pauperis*. The undersigned now issues the following findings of fact, conclusions of law, and recommendation that, because Coleman's claims are barred by sovereign immunity, the Court should dismiss this action for lack of subject matter jurisdiction.

**Applicable Background**

Coleman has field suit against the Internal Revenue Service because he has "not received the E.I.N. number" within 15 business days from his filing of Form 56-F (on August 3, 2017) and Form 2848 (on August 6, 2017). *See* Dkt. No. 3.

The Court takes notice that EIN stands for Employer Identification Number, is also known as a Federal Tax Identification Number, and is generally used to identify

a business entity.

For this alleged delay, Coleman seeks $1.1 trillion. *See id.* at 26.

**Legal Standards and Analysis**

"It is well settled that the United States enjoys sovereign immunity from suits and, accordingly, may be sued only if it has waived that immunity. The IRS, as an agency of the United States, is thus shielded from private actions unless sovereign immunity has been waived." *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 94-95 (3d Cir. 1995) (citations omitted). "[S]overeign immunity implicates the court's subject matter jurisdiction," *Harris v. Taxpayer Advocate Serv. I.R.S.-U.S.*, No. 3:05-cv-704-B, 2006 WL 536194, at *2 (N.D. Tex. Feb. 24, 2006) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)), *rec. adopted*, 2006 WL 1305285 (N.D. Tex. Mar. 31, 2006), and federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

Accordingly, because Coleman fails to allege that sovereign immunity has been waived as the claims he now asserts against the IRS (based on the IRS's alleged failure to process Coleman's tax forms by a promised or estimated deadline), and because it is established that there generally is no "waiver allowing federal district court jurisdiction over such discretionary decisions of an agency," *Waters v. FBI*, No. 11-cv-17, 2011 WL 1575602, at *2 (S.D. Ohio Apr. 26, 2011) (citing 5 U.S.C. § 701(a)(2), an exception to the Administrative Procedures Act's general waiver of sovereign immunity for "agency action ... committed to agency discretion by law"; collecting cases), the Court lacks subject matter jurisdiction over this action.

## Recommendation

The Court should dismiss this action for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 15, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE